UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| HAROLD RUNNING BIRD, <br><br> Plaintiff, <br><br> vs. <br><br> TAMMY MERTENS-JONES, in her individual and official capacity as Administrative Remedy coordinator; DANIEL SULLIVAN, in his individual and official capacity as Warden of the South Dakota State Penitentiary; DOUGLAS CLARK, in his individual and official capacity as Secretary of the South Dakota Department of Corrections, <br><br> Defendants. | 4:21-CV-04197-KES <br><br> 1915A SCREENING |

Plaintiff, Harold Running Bird, an inmate at the South Dakota State Penitentiary, filed a civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Running Bird timely paid his filing fee on November 23, 2021. This court will now screen Running Bird's amended complaint under 28 U.S.C. § 1915A.

I. **1915A Screening**

    A. **Factual Background**

The facts alleged in Running Bird's complaint are: that the South Dakota State Penitentiary fails to allow Native American religious ceremonies to be held in the gym or recreation area. Docket 4 ¶¶ 11, 13. Instead, he alleges that family pow wows are held in a space too small for all families to join and for

participants to dance. *Id.* ¶ 12. He also alleges that he attempted to address this through the grievance process, but his grievances were rejected as unclear. *Id.* ¶¶ 11-15. He claims that he also submitted a grievance requesting that certain dangerous groups be kept apart for ceremonies such as sweats. *Id.* ¶ 16. He claims that he explained that these events often result in gang members and their victims being placed together. *Id.* ¶ 18. He also claims that this grievance was rejected for failure to state a clear request. *Id.* ¶¶ 17, 19.

Running Bird sues all defendants in their individual and official capacities. *Id.* at 1. He brings claims for violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), his First Amendment right to free exercise of religion, his Fourteenth Amendment rights to due process and equal protection, and the American Indian Religious Freedom Act (AIRFA). *Id.* ¶¶ 20-37. He seeks declaratory relief, injunctive relief, costs and attorney's fees, and any other relief this court deems just and equitable. *Id.* at 6-7.

### B.  Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights complaints must be liberally construed. *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    **C.**    **Legal Analysis**

        **1.**    **RLUIPA Claims**

Running Bird brings claims against all defendants for violation of the Religious Land Use and Institutionalized Persons Act. Docket 4 ¶¶ 20-24. RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Holt v. Hobbs*, 574 U.S. 352, 358 (2015) (quoting 42 U.S.C. § 2000cc-5(7)(A)). "[A] prisoner's request for an accommodation must be sincerely based on a religious belief and not some

3

other motivation," and the prison policy must substantially burden the prisoner's exercise of religion. *Id.* at 360-61.

To establish a prima facie case under RLUIPA, a plaintiff must show "that the challenged government practice 'substantially burdens [his] exercise of religion.'" *Native Am. Council of Tribes v. Weber*, 750 F.3d 742, 749 (8th Cir. 2014) (alteration in original) (quoting 42 U.S.C. § 2000cc-2(b)). If the plaintiff succeeds in making a prima facie showing, the defendant bears the burden to prove that the challenged regulation is the least restrictive means of furthering a compelling governmental interest. *Id.* (citing § 2000cc-2(b)). Here, Running Bird makes a sufficient prima facie showing. The ceremonies he describes are religious exercises, and he alleges that his ability to participate in these religious exercises has been substantially burdened. Further, he alleges that all defendants have participated in imposing this burden. Docket 4 ¶ 23. Thus, his RLUIPA claims against all defendants survive § 1915A screening.

### 2.    First Amendment Free Exercise Claims

Running Bird brings claims against all defendants for violation of his First Amendment right to free exercise of his religion. *Id.* ¶¶ 25-32. In order to state a First Amendment claim, Running Bird must allege facts showing that prison officials have substantially burdened the free exercise of his religion. *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). Substantially burdening one's free exercise of religion means that the regulation

> must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express

> adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a [person's] religion.

*Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 988 (8th Cir. 2004) (cleaned up).

Running Bird has alleged facts sufficient to state a claim for violation of his First Amendment free exercise rights. He alleges that his ability to engage in activities fundamental to his religion has been constrained by defendants' activities. He also alleges that all defendants have participated in constraining his religious practices. Docket 4 ¶ 28. Thus, his First Amendment free exercise claims against all defendants survive § 1915A screening.

### 3. Fourteenth Amendment Claims

Running Bird brings claims against all defendants for violation of his Fourteenth Amendment rights. *Id.* ¶¶ 33-35. Specifically, he alleges that defendants have deprived him of liberty and property interests without procedural and substantive due process and that defendants have unconstitutionally discriminated against him in violation of his right to equal protection of the laws. *Id.* ¶ 35.

#### a. Procedural Due Process Claims

Running Bird does not specify which actions on the part of the defendants have violated his procedural due process rights. *See id.* ¶¶ 33-35. Construing his complaint liberally, this court assumes that his claims stem from the South Dakota State Penitentiary's rejection of his grievances. "While a violation of a state-created liberty interest can amount to a violation of the Constitution, not every violation of state law or state-mandated procedures is a

5

violation of the Constitution." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (holding that a refusal to process grievances alone did not state a constitutional deprivation). In *Buckley*, the Eighth Circuit Court of Appeals explained that a prison grievance procedure "is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the [F]ourteenth [A]mendment." *Id.* (quotation omitted); *see also King v. Houston*, 556 F. App'x 561, 563 (8th Cir. 2014) (citing *Buckley* for the proposition that "prison officials' failure to process or investigate grievances, without more, is not actionable under § 1983"). Here, Running Bird alleges that the way grievances are processed or remedied violates his rights, but this alone does not arise to the level of a constitutional violation. Thus, Running Bird's procedural due process claims are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### b. Substantive Due Process Claims

In order for Running Bird to establish a substantive due process violation, he must allege "(1) that the official violated one or more fundamental constitutional rights, and (2) that the conduct of the executive official was shocking to the contemporary conscience." *Flowers v. City of Minneapolis*, 478 F.3d 869, 873 (8th Cir. 2007) (internal quotation omitted). "[F]undamental rights are those 'deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed.'" *Id.* (quoting *Terrell v. Larson*, 396 F.3d

975, 978 n.1 (8th Cir. 2005) (en banc)). "[T]he state action must be 'truly egregious and extraordinary' to shock the conscience[.]" *Livers v. Schenck*, 700 F.3d 340, 351 (8th Cir. 2012) (quoting *Winslow v. Smith*, 696 F.3d 716, 735-36 (8th Cir. 2012)). "Whether conduct shocks the conscience is a question of law." *Folkerts v. City of Waverly*, 707 F.3d 975, 980 (8th Cir. 2013) (citing *Terrell*, 396 F.3d at 981).

> Because a wide variety of official conduct may cause injury, a court must first determine the level of culpability the § 1983 plaintiff must prove to establish that the defendant's conduct may be conscience shocking. Mere negligence is never sufficient. Proof of intent to harm is usually required, but in some cases, proof of deliberate indifference, an intermediate level of culpability, will satisfy this substantive due process threshold. The deliberate indifference standard is sensibly employed only when actual deliberation is practical. By contrast, the intent-to-harm standard most clearly applies in rapidly evolving, fluid, and dangerous situations which preclude the luxury of calm and reflective deliberation.

*Id.* at 980-81 (internal quotations and citations omitted) (quoting *Terrell*, 396 F.3d at 978).

Running Bird has alleged sufficient facts to state a claim for violation of his substantive due process rights. The incidents described by Running Bird are not "rapidly evolving, fluid, and dangerous situations" but instead those where "actual deliberation is practical." *See id.* at 981 (quoting *Terrell*, 396 F.3d at 978). As such, the deliberate indifference standard applies to Running Bird's substantive due process claims. Running Bird alleges that all defendants were aware of and deliberately indifferent to his religious needs. Thus, his substantive due process claims against all defendants survive § 1915A screening.

### c.     Equal Protection Claims

The equal protection clause of the Fourteenth Amendment requires the government to "treat similarly situated people alike," a protection that applies to prisoners. *Murphy*, 372 F.3d at 984 (quoting *Rouse v. Benton*, 193 F.3d 936, 942 (8th Cir. 1999)). To establish a prima facie claim of an equal protection violation, Running Bird must show (1) that he is treated differently than a similarly situated class of inmates, (2) that the different treatment burdens a fundamental right, and (3) that there is no rational relation to any legitimate penal interest. *Id.* (citing *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (en banc)). The Eighth Circuit has explained for a prisoner to prevail on an equal protection claim, he "must show that he is treated differently from similarly situated inmates and that the different treatment is based upon either a suspect classification or a fundamental right." *Patel*, 515 F.3d at 815-16 (citations and internal quotation omitted).

Running Bird fails to state a claim for violation of his right to equal protection. Running Bird must show that he is treated differently than a similarly situated class of inmates. He makes no claims regarding the South Dakota State Penitentiary's actions towards inmates of other religions and thus fails to show that he is being treated differently than inmates of other religions. Running Bird's equal protection claims are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### 4. AIRFA Claims

Running Bird brings claims against all defendants for violating AIRFA. Docket 4 ¶¶ 36-37. Under AIRFA, the United States is to "protect and preserve for American Indians their inherent right of freedom to believe, express, and exercise the traditional religions of the American Indian, . . . including but not limited to . . . the freedom to worship through ceremonial and traditional rites." 42 U.S.C. § 1996. "AIRFA does not create a cause of action or any judicially enforceable individual rights." *Native Am. Council of Tribes v. Weber*, 2010 WL 1999352, at *4 n.2 (D.S.D. May 18, 2010) (citing *Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 455 (1988)). Thus, Running Bird's AIRFA claim is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

Thus, it is ORDERED:

1. That Running Bird's RLUIPA claims against Tammy Mertens-Jones, Daniel Sullivan, and Douglas Clark in their individual and official capacities survive § 1915A screening.

2. That Running Bird's First Amendment Free Exercise claims against Tammy Mertens-Jones, Daniel Sullivan, and Douglas Clark in their individual and official capacities survive § 1915A screening.

3. That Running Bird's Fourteenth Amendment substantive due process claims against Tammy Mertens-Jones, Daniel Sullivan, and Douglas Clark in their individual and official capacities survive § 1915A screening.

4. That all of Running Bird's remaining claims against all defendants are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

5. Defendants Mertens-Jones, Sullivan, and Clark will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service or 60 days if the defendants fall under Fed. R. Civ. P. 12(a)(2) or (3).

6. Running Bird will keep the court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

Dated January 27, 2022.

        BY THE COURT:

        /s/ *Karen E. Schreier*
        KAREN E. SCHREIER
        UNITED STATES DISTRICT JUDGE