UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| HAROLD RUNNING BIRD,<br><br>Plaintiff,<br><br>vs.<br><br>TAMMY MERTENS-JONES, IN HER INDIVIDUAL AND OFFICIAL CAPACITY AS ADMINISTRATIVE REMEDY COORDINATOR; DOUGLAS CLARK, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS SECRETARY OF THE SOUTH DAKOTA DEPARTMENT OF CORRECTIONS; AND DANIEL SULLIVAN, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY AS WARDEN OF THE SOUTH DAKOTA STATE PENITENTIARY;<br><br>Defendants. | 4:21-CV-04197-ECS<br><br>ORDER DENYING PRO SE MOTION |

On August 12, 2024, this Court entered an Order denying Plaintiff Harold Running Bird's Pro Se Motion for Injunction based on long standing "Eighth Circuit policy not to consider pro se filings when [a litigant] is represented by counsel." Doc. 61 (citing United States v. Schenk, 983 F.2d 876, 878 n.3 (8th Cir. 1992). A week later, Running Bird filed a Pro Se Motion to Cease and Desist. Doc. 62. In his motion, Running Bird seeks an order that stops Troy Ellis and other South Dakota State Penitentiary staff from "putting a deranged drug addict (always high) gangster in [his] cell to harass, threaten, [and] fight." Id. Running Bird asserts, in part, that Troy Ellis and other staff assign him cellmates that fight and threaten him as a means to discourage him from filing additional lawsuits. Id.

1

However, as this Court previously Ordered, it will not address pro se filings when a litigant is represented by counsel, as Running Bird is here. All motions should be brought through his attorneys of record. See United States v. Berrier, 110 F.4th 1104, 1111 (8th Cir. 2024) ("A district court 'has no obligation to entertain pro se motions filed by a represented party.'" (quoting United States v. Haubrich, 744 F.3d 554, 557 (8th Cir. 2014)). The Eighth Circuit has a long-standing "policy not to consider pro se filings when [the party] is represented by counsel." United States v. Schenk, 983 F.2d 876, 878 n.3 (8th Cir. 1992) (quoting United States v. Halverson, 973 F.2d 1415, 1417 (8th Cir. 1992) (per curiam)); United States v. Shaw, 965 F.3d 921, 928 n.4 (8th Cir. 2020) (declining to address issues raised in a pro se filing when appellant is represented by counsel); United States v. Carr, 895 F.3d 1083, 1090–91 (8th Cir. 2018) (same); United States v. Payton, 918 F.2d 54, 56 n.2 (8th Cir. 1990) (reiterating policy); Hobbs v. City of Burlington, 11 F. App'x 674, 675 (8th Cir. 2001) (per curiam) (unpublished). "The District Courts in this Circuit also adhere to this policy." Schmidt v. Bodin, CIV. 06-5034, 2007 U.S. Dist. LEXIS 60378, *23 (D.S.D. August 15, 2007). "Defendants do not have a constitutional right to hybrid representation or the right to act as 'co-counsel.'" Yates v. Wachtendorf, 418 F. Supp. 3d 376, 390 (N.D. Iowa 2019) (citing United States v. Swinney, 970 F.2d 494, 498 (8th Cir. 1992) (addressing hybrid representation within the context of a criminal case)).

Running Bird's allegations are significant. It is not the undersigned's intent to minimize his concerns by dismissing his pro se motion. Rather, by so doing, this Court upholds a standard practice of dismissing pro se filings from parties represented by capable counsel. Running Bird is encouraged to refrain from filing any further pro se motions in this matter and to consult with his attorneys to determine whether he has a claim warranting court action and, if so, the proper means

for pursuing such intervention. Lastly, this Court continues to work diligently on the complex issues raised in the Second Motion for Summary Judgment, and a decision is forthcoming.

Therefore, it is hereby

ORDERED that Plaintiff Harold Running Bird's Pro Se Motion to Cease and Desist, Doc. 62, is denied. It is further

ORDERED that the Clerk of Courts' Office mail Harold Running Bird a copy of this Order once filed.

DATED this 9th day of October, 2024.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE